IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Case No. 2:25-CV-02754

MATTHEW ANDERSON,

    Plaintiff,

v.

ANY TOP SHOP, LLC,

    Defendant.

## COMPLAINT

Plaintiff Matthew Anderson ("Plaintiff") sues defendant Any Top Shop, LLC ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of Missouri residing in the State of Missouri.

2. Defendant is a limited liability company organized and existing under the laws of the State of Kansas with its principal place of business located at 2555 S Ferree St., Kansas City, KS 66103. Defendant's agent for service of process is Mark H. Epstein, 4630 W 137 St, Suite 103, Leawood, KS 66224.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5.  Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent resides or may be found in this district. "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction." Allison v. Wise, 621 F. Supp. 2d 1114, 1118 (D. Colo. 2007); see also McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) ("In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'") (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I. Plaintiff's Business and History

6.  Plaintiff, an architectural and design photographer based in Kansas City, Missouri, specializes in high-end imagery creations for interior designers, architects, remodelers, national design brands, and home builders.

7.  Plaintiff's photographic work is noted for its attention to detail, spatial balance, and refined lighting, which are some of the many characteristics that have established him as a staple collaborator within the design community.

8.  Plaintiff's editorial features and commercial clientele include *Architectural Digest*, *DesignKC Magazine*, Wolf Appliances, Fisher & Paykel, among others. He also contributes frequently to APAlamanc.com, where he has authored numerous articles on architectural and design photography, and is the co-creator of the online educational series, The Business of Architecture Photography.

9.  Plaintiff's portfolio can be viewed on his professional website (at matthewaphoto.com).

**II.     The Work at Issue in this Lawsuit**

10.     Plaintiff created three (3) professional photographs of modern interior spaces titled "12.3.21_FRHeights05.jpg" (the "First Photograph"), "12.20.21_FRHeights07.jpg" (the "Second Photograph"), and "12.20.21_FRHeights19.jpg" (the "Third Photograph"). Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the First Photograph, Second Photograph, and Third Photograph, the corresponding US Copyright Office registration number for such photographs, and one or more screenshots of the alleged infringement of such photographs.

11.     The First Photograph, Second Photograph, and Third Photograph are collectively referred to herein as the "Work."

12.     Each photograph comprising the Work was registered by Plaintiff with the Register of Copyrights on March 2, 2022 and was assigned Registration No. VA 2-293-916. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "B."**

13.     Plaintiff is the owner of each photograph comprising the Work and has remained the owner at all times material hereto.

**III.     Defendant's Unlawful Activities**

14.     Defendant owns and operates a home remodeling business that specializes in bath and kitchen countertops, hardwood flooring, tile applications, cabinets, as well as fabrication and installation. Defendant advertises/markets its business through its website (https://anytopshop.com/), social media (e.g., https://www.facebook.com/anytopshopllc, https://x.com/anytopshopllc, https://www.instagram.com/anytopshopkc/, https://www.threads.com/@anytopshopkc, and https://www.youtube.com/channel/UCdVCAj_WjBOTiLAk83Dq9wg), and other forms of advertising.

15. On a date after Plaintiff's above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

16. A true and correct copy of screenshots of Defendant's website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

17. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

18. Defendant utilized the Work for commercial use.

19. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

20. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff's earliest discovery of Defendant's unauthorized use/display of at least one photograph comprising the Work was November 22, 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

21. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 as set forth above.

23. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

24. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

25. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on their website, webpage, and/or social media.

26. Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff.

27. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

28. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2025, Any Top Shop. All Rights Reserved."), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.,

Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12–13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

29. Defendant's willfulness is further demonstrated by the fact that Defendant has refused and/or failed to remove the Work from its website, webpage, social media, and/or printed media notwithstanding multiple communications sent to Defendant notifying it of the infringement and demanding that the Work be removed from Defendant's website, webpage, social media, and/or printed media. See, e.g., Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action – reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit – supported a finding of willfulness under 17 U.S.C. § 504©(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful."). As of the date of this filing, the Work is still published on Defendant's website, webpage, and/or social media.

30. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

31. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

32. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

33. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

34. Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

g. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights

or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

h. For such other relief as the Court deems just and proper.

DATED: December 18, 2025            Respectfully submitted,

*/s/ Braden A. Lefler*
Kirk A. Peterson (KS # 14862)
Braden A. Lefler (KS # 28598)
Berkowitz Oliver LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
(816) 561-7007
kpeterson@berkowitzoliver.com
blefler@berkowitzoliver.com

*Attorneys for Matthew Anderson*